UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | CV 12-247 CAS (JCx) | Date | May 7, 2012 |
|---|---|---|---|
| Title | AMY ROBINSON v. UNITED STATES | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                    Geoffrey Wilson, AUSA

**Proceedings:**    **DEFENDANT'S MOTION TO DISMISS** (filed 3/12/2012)

**DEFENDANT'S MOTION TO VACATE TEMPORARY RESTRAINING ORDER** (filed 4/20/12)

　　On August 5, 2011 plaintiff Amy Robinson filed the instant action against Debra Williams, a case manager with the Veterans Affairs Supported Housing ("VASH") program, in the Los Angeles County Superior Court. Robinson requested a Temporary Restraining Order ("TRO") enjoining alleged harassment, trespass, and vandalism. On November 15, 2011, the Superior Court granted plaintiff's request for a TRO. Thereafter, on January 10, 2012, the United States government ("the government") timely removed the action to this Court pursuant to 28 U.S.C. § 1442(a)(1).[1]  Dkt. No. 1.

　　On March 12, 2011, the government filed a motion to dismiss for lack of subject matter jurisdiction. Dkt. No. 12. On April 5, 2012, plaintiff filed her opposition. Dkt. No. 14. On April 20, 2012, the government filed a motion to vacate the TRO. Dkt. No. 15. On April 23, the government filed a reply to plaintiff's opposition. Dkt. No. 16. Plaintiff did not file an opposition to the government's motion to vacate the TRO. The Court held a hearing on May 7, 2012.

　　On April 24, 2012, this Court dismissed a similar action filed by plaintiff apparently based on the same alleged facts. See CV No. 11-5797 CAS (JCx), Dkt. No.

---

[1] On March 5, 2012, the United States Attorney General certified that Williams acted within the scope of her employment at the time of the alleged conduct. The United States therefore substituted itself for individual defendant Williams pursuant to 28 U.S.C. § 2679(d)(1). Dkt. No. 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES - GENERAL** | | JS-6 |
| Case No. | CV 12-247 CAS (JCx) | Date | May 7, 2012 |
| Title | AMY ROBINSON v. UNITED STATES | | |

24. The Court explained that plaintiff's claims were barred by the doctrine of sovereign immunity due to the Attorney General's unchallenged certification that plaintiff's allegations arose out of conduct undertaken by a federal employee in her official capacity. The Court also directed plaintiff to explain how that case differed from this action, and why this action should not be dismissed for the same reasons. Id. at n. 4. Plaintiff did not respond and failed to appear at the hearing in this matter.

  Accordingly, the Court hereby GRANTS the government's motion to dismiss for lack of subject matter jurisdiction. Although the Court indicated at the hearing that it was prepared to vacate the Temporary Restraining Order issued by the Los Angeles County Superior Court, upon reflection, the Court finds that it lacks jurisdiction to do so. The government is therefore directed to move the Superior Court to vacate its Temporary Restraining Order.

  IT IS SO ORDERED.

| | | |
|---|---|---|
| | 00 | : 02 |
| Initials of Preparer | CMJ | |